UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

**JONAS LEE SNOW**                                                                             **PLAINTIFF**

**v.**                                                      **CIVIL ACTION NO. 1:14CV-P135-GNS**

**MATTHEW LEVERIDGE et al.**                                             **DEFENDANTS**

### **MEMORANDUM OPINION**

Plaintiff, Jonas Lee Snow, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

### **I. SUMMARY OF CLAIMS**

Plaintiff is a pretrial detainee at the Russell County Detention Center. He sues a myriad of Defendants who are employees of the Russell County Sheriff's Office, the Russell Springs Police Department, the Kentucky State Police, the Russell County Child Protective Service (CPS), the Russell County Circuit Court, the Russell County Attorney, the Russell County Family Court, and the Kentucky Attorney General. His allegations concern an indictment having to do with payment he made on an account at Kmart, removal of his child by "DNA petition," various criminal charges against him from complaints filed against him arising from the conduct of his computer business, and the removal of his children by CPS.

In the portion of the form which asks which provisions of the "Constitution, federal law, federal regulations, state law, or state regulation" he is alleging Defendants violated, Plaintiff states: "K.R.S.. 500.050(3), harrasment, intimidating abuse of authority, interfering with business practices, criminal mischief, criminal trespasing, malicious prosecution, threatening, falsifying document, perjury, threatened to keep kids, illegally detaining, invasion of privacy, deformation,

conspiracy, violation of code of ethics, discrimination, prejudice, took my right to have counsel present." As relief, he asks for immediate release from custody; $250,000 for "business losses and lawyer fees"; $350,000 for legal and civil rights violations; and injunctive relief.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### *Discrimination claim*

The only arguably federal claims raised by Plaintiff are his blanket statement of "discrimination" and that his right to have counsel at a court proceeding was violated. In order to state a claim under the Equal Protection Clause of the Fourteenth Amendment pursuant to § 1983, a plaintiff claiming discrimination must ordinarily allege that a state actor intentionally discriminated

2

against him because of his membership in a protected class.  *See Henry v. Metro. Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990).  It is also possible for a plaintiff to proceed as a "class of one."  *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam).  In order to establish a cause of action under the Equal Protection Clause based on a "class of one," Plaintiff must demonstrate "'that [ ]he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'"  *Franks v. Rubitschun*, 312 F. App'x 764, 766 (6th Cir. 2009) (internal citation omitted).

Plaintiff's complaint does neither.  Instead, he conclusorily asserts "discrimination" with no mention of a membership in a protected class or any assertion that similarly situated people were treated differently.  Plaintiff has failed to state a claim of a violation of his equal protection.

### *Right-to-counsel claim*

In relation to this claim, Plaintiff names Russell County Family Court Judge Jennifer Upchurch and Matthew Leveridge, the Commonwealth Attorney, for refusing to allow his attorney "to represent or even enter court room proceeding."  He states:

> Refused to allow my attorney to represent or even enter court room proceeding.  I contacted the appointed attorney's and they stated that we are not allowed to go with our clients on a review.  Even though the case was on review.  It was not a review it turned into a posi[]tion where our attorny's and us were not allowed to defend our self's against the accusations.

Assuming Plaintiff did have a right to counsel at the proceeding in question, *see R.V. v. Commonwealth, Dep't of Health and Family Serv.*, 242 S.W.3d 669, 672 (Ky. App. 2007), Plaintiff fails to state a claim.

Although Plaintiff does not indicate in which capacity he is suing Defendants, because his allegations concern Defendants in the context of their official positions, the Court considers the suit

3

to be brought against Defendants in their official capacities. *See Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001) (en banc) (holding where § 1983 plaintiff fails to affirmatively plead capacity in the complaint, the Court looks to the course of proceedings to determine whether the Sixth Circuit's concern about notice to the defendant has been satisfied).

Because Plaintiff sues these state employees in their official capacity, the claims brought against them are deemed claims against the Commonwealth of Kentucky itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). To state a § 1983 claim, Plaintiff must allege that a "person" acting under color of state law deprived Plaintiff of a right secured by the Constitution or federal law. *See* § 1983. States, state agencies, and state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). Thus, because Plaintiff seeks money damages from these state officers in their official capacities, he fails to allege cognizable claims under § 1983. Moreover, Defendants are immune from monetary damages under the Eleventh Amendment. *See id.*

Even if Plaintiff had named Defendants in their individual capacities, Defendants would be immune from relief. Plaintiff's claim for monetary damages against Judge Upchurch is barred by the doctrine of absolute judicial immunity, under which judges are immune from monetary liability for decisions made within the scope of their official functions. *See Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004). Any claims for injunctive relief against Judge Upchurch also must be dismissed, as well. Section 1983 provides in pertinent part that "except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, *injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable*." Plaintiff does not allege any facts suggesting that a declaratory decree was violated or that declaratory relief was unavailable.

Plaintiff's claim against Commonwealth Attorney Leveridge relates to his conduct in his role as an advocate for the Commonwealth. Defendant Leveridge enjoys absolute prosecutorial immunity while acting in his role as an advocate. *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976); *see also Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (holding that prosecutors were absolutely immune from claim alleging that they conspired to knowingly bring false charges despite claims of failure to investigate facts and alleged commission of perjury before the grand jury). Moreover, federal courts have no general power to compel action by state officers in the performance of their duties. *More v. Clerk, DeKalb Cnty. Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973) (per curiam); *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970).

Because Plaintiff failed to state a claim upon which relief could be granted and because he seeks monetary relief from Defendants who are immune from such relief, the Court will dismiss these claims pursuant to §§ 1915A(b)(1) and (b)(2).

### *Request for release from confinement*

Plaintiff's request for immediate release from custody is not cognizable in this § 1983 action. Plaintiff's claims implicating the fact and/or duration of his confinement must be brought as claims for habeas corpus relief under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release). Therefore, dismissal of these claims is appropriate. *See King v. Moyes*, No. 2:10-cv-234, 2010 WL 4705269, at *2 (W.D. Mich. Nov. 12, 2010); *see also Barnes v. Lewis*, No. 93-5698, 1993 WL 515483, at *1 (6th Cir. Dec. 10, 1993) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement).

*State-law claims*

The rest of Plaintiff's claims are state-law causes of action. Because Plaintiff's federal-law claims will be dismissed, the Court declines to exercise its supplemental jurisdiction over Plaintiff's state-law claims. *See* 28 U.S.C. § 1367(c)(3). Those claims will be dismissed without prejudice.

### III. CONCLUSION

For the foregoing reasons, the claims will be dismissed by separate Order.

Date: January 14, 2015

Greg N. Stivers, Judge
United States District Court

cc: Plaintiff, *pro se*
Russell County Attorney
General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4416.009